**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

| | | |
|---|---|---|
| IN RE: | BOSTON SCIENTIFIC CORP.,<br>PELVIC REPAIR SYSTEM<br>PRODUCTS LIABILITY LITIGATION | MDL No. 2326 |

THIS DOCUMENT RELATES TO:

*Joan Elizabeth Hamby v. Boston Scientific Corp.*
Civil Action No. 2:13-cv-25695

**ORDER**

Pending before the court is Boston Scientific's Motion for Sanctions [ECF No. 6]. For the reasons stated below, the Motion for Sanctions is **DENIED.**

**I.      Background**

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are nearly 70,000 cases currently pending. Managing multidistrict litigation requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' discovery responsibilities. Pretrial Order ("PTO") # 16, for example, provides that each plaintiff in this MDL must submit a Plaintiff Profile Form ("PPF") to act as interrogatory answers under Rule 33 of the Federal Rules of Civil Procedure and responses to requests for production under Rule 34 of the Federal Rules of Civil Procedure. The parties jointly drafted the requirements for PTO # 16, and I entered it as applicable to every one of the thousands of cases in this MDL.

The plaintiff filed her Short Form Complaint on October 15, 2013, and her PPF was originally due on or before December 13, 2013, though defendants gave extensions beyond this date. *See* Defs.' Mot. Sanctions ¶ 2 [ECF. No. 6]. The plaintiff states she timely submitted her PPF but inadvertently sent the document to the wrong Boston Scientific email address. *See* Pls.' Resp. to Mot. Sanctions 5 [ECF No. 7]. The plaintiff has since served the PPF to the correct email address and claims sanctions are unnecessary. *Id*.

## II.    Legal Standard

Rule 37(b)(2) of the Federal Rules of Civil Procedure allows a court to sanction a party for failing to comply with discovery orders. This authority has particular significance in the MDL context. Specifically, when handling seven MDLs, each containing thousands of individual cases, case management becomes of utmost importance. An MDL judge bears the "enormous" task of "mov[ing] thousands of cases toward resolution on the merits while at the same time respecting their individuality." *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006). To carry out this task in a smooth and efficient manner, I must define and then strictly adhere to rules for discovery. *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding").

## III.    Discussion

The circumstances of this case lead me to decline to impose sanctions. In other cases in which a PPF has been untimely, I have imposed the sanction provided in Rule 37(b)(2)(C), which requires the disobeying party to pay "the reasonable expenses, including attorney's fees, caused

by the [discovery] failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." In this case, however, the plaintiff submitted a timely PPF, albeit to the "Boston Scientific state court email address . . . instead of the MDL email address . . . ." Pls.' Resp. to Mot. Sanctions 5 [ECF No. 7]. The defendant did not file a reply disputing this. These facts lead me to conclude that awarding defendants their reasonable expenses would be unjust. Accordingly, Boston Scientific's Motion for Sanctions is **DENIED**.

### IV. Conclusion

It is therefore **ORDERED** that Boston Scientific's Motion for Sanctions [ECF No. 6] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 14, 2015

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE